NOT DESIGNATED FOR PUBLICATION

No. 123,676

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

C HILL APARTMENTS LLC,
*Appellee,*

v.

AYSE CARMAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed March 18, 2022.
Affirmed.

*Ayse Carman*, appellant pro se.

No appearance by appellee.

Before GREEN, P.J., ATCHESON and HURST, JJ.

PER CURIAM: Ayse Carman appeals her eviction by C Hill Apartments LLC
(Landlord) and the district court's denial of her counterclaim. In a matter that is likely to
be repeated by others, Carman argues that the district court violated her due process
rights by barring her ability to raise a full defense and allowing Landlord to challenge her
Centers for Disease Control and Prevention (CDC) Declaration without proper notice or
an evidentiary hearing. Carman further alleges the district court erred by signing
Landlord's writ of restitution after her appeal was pending. Unfortunately, Carman failed

1

to designate a sufficient record to present her claims and this court affirms the district court's decision to grant the Landlord's eviction writ.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are straightforward and not largely in dispute. Carman and Landlord entered into a rental agreement on September 5, 2020—a one-year lease with a monthly rent of $1,195. Carman concedes that she signed the lease but asserts that she and Landlord had agreed that she would not initial each page of the lease until certain repairs were completed on her rental unit. Carman alleges the Landlord never completed these repairs.

After paying her first three months' rent, Carman failed to pay her December 2020 rent. Just a few weeks after this rental delay, Landlord filed a K.S.A. Chapter 61 petition for eviction and immediate possession on December 18, 2020. Carman received a summons for Landlord's petition that instructed her to file a "Prejudgment Information Sheet and Answer form" either physically or via the district court's website. She submitted the required form and attempted to assert an answer and counterclaim using the online portal on December 28, 2020. Carman contends that the online portal restricted her response to 100 words, cutting off her full answer and counterclaim midsentence. From the record on appeal this court has no reason to disbelieve this contention.

On January 9, 2021, after seeking advice from a free legal clinic, Carman gave Landlord a CDC Declaration form that notified Landlord of her intent to seek protection under the CDC's order to temporarily halt evictions to prevent the spread of COVID-19. Carman alleges that Landlord acknowledged receiving the declaration.

Three days later, on January 12, 2021, the district court held a bench trial for Landlord's eviction petition. After review of Carman's answer and counterclaim portal

2

submission, the district court found that Carman failed to properly assert a counterclaim. Unfortunately, it is not clear from her brief what Carman alleged in her initial counterclaim or defense—and the record on appeal contains no trial transcript to aid in this court's review.

In the entry of judgment, the district concluded that Carman's CDC Declaration was not truthful, so Carman was not entitled to protection from eviction under the eviction moratorium. It further noted that the Landlord "met its burden of proof of all of the allegations set forth in the Petition, including the allegation that the action was not initiated solely because of defaults or violations of the rental agreement substantially caused by financial hardship resulting from the COVID-19 pandemic." Thus, the court granted the eviction petition and entered judgment for Landlord for $1,197 plus costs.

On January 13, 2021, Landlord filed a motion to issue a writ of restitution to receive possession of the rental property from Carman. The next day, Carman filed a motion to vacate or modify the district court's January 12 judgment against her and to stay Landlord's motion for a writ of restitution. On January 15, 2021, the district court granted Carman's motion to vacate or modify "to the extent that it [would] consider [Carman]'s counterclaim." Carman filed a motion to continue that hearing and a motion to reconsider, which the district court denied. Carman then submitted an answer to Landlord's petition for eviction and an amended counterclaim—this time with a complete claim.

At the hearing on the counterclaim, Carman was able to present evidence and witnesses in support of her claim. Again, there is no transcript of this hearing included in the record on appeal for this court to review. The district court's journal entry reaffirmed its prior rulings, noted that Carman failed to meet her burden to show that Landlord breached the lease, and denied the counterclaim in its entirety. On February 3, 2021, Landlord again filed a motion to issue a writ of restitution. That same day, Carman filed

several motions with the district court: (1) a motion for journal entries with findings of facts and conclusions of law; (2) a motion to stay Landlord's motion for writ of restitution; and (3) a motion for supersedeas bond. She also filed a motion for poverty affidavit and a notice of appeal.

That same day—roughly four hours after Carman filed her notice of appeal—the district court filed its journal entry of judgment and ordered a writ of restitution, requiring Carman restore possession of the rental unit to Landlord. However, on February 9, 2021, the district court issued an order addressing Carman's remaining motions—finding Carman's motion for journal entries was moot due to its prior journal entry; declaring Carman indigent for purposes of her appeal; granting Carman's motion to stay the writ of restitution pending her appeal (so long as she made timely rental payments to the court); and denying her motion for supersedeas bond. Pursuant to the court's order, Carman submitted notice of rent payment to the court for February and March 2021. No other filings appear on the record after March 2021.

DISCUSSION

On appeal, Carman presents two arguments:  First, she asserts the district court violated her due process rights by precluding her from presenting a defense and by allowing Landlord to challenge her CDC Declaration without notice and an evidentiary hearing. Second, Carman contends that the district court erred by signing the writ for eviction after she had filed her notice of appeal.

1.      *Carman did not preserve her due process claims and, even if she had, she has failed to designate a sufficient record to facilitate this court's review.*

There are two problems with Carman's due process arguments. First, Carman did not raise her due process arguments before the district court. Typically, constitutional issues cannot be raised for the first time on appeal. *Bussman v. Safeco Ins. Co. of*

4

*America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). More pertinent to this decision, however—Carman did not include transcripts from the bench trial or counterclaim hearing in the record—leaving this court unable to evaluate her claims.

Carman's brief cites no factual support in the record for her contention that the district court barred her from raising her full defense—aside from her allegation that the journal entry of judgment found that "no counterclaim was properly asserted." Moreover, there is nothing in the record to factually support Carman's claim regarding Landlord's challenge to her CDC Declaration at trial. Unfortunately for Carman, "'[i]t is well-settled that the burden is on the party to designate a record sufficient to present its points to the appellate court and to establish its claims.'" *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). When facts are necessary to an argument, the record must supply those facts and the party relying on them must provide this court with a specific citation to the record where the fact can be verified. 296 Kan. at 644; see Supreme Court Rule 6.02(a)(4) (2022 Kan. S. Ct. R. at 36) (Appellant's brief must contain a concise statement of facts material to the disposition of the appeal and "facts included in the statement must be keyed to the record on appeal by volume and page number. The court may presume that a factual statement made without a reference to volume and page number has no support in the record.").

Here, the facts are necessary. Without a transcript of the bench trial or counterclaim hearing to support Carman's factual assertions in her due process arguments, she cannot establish her claims and this court is unable to properly review them. Moreover, the record available does indicate that the district court took up Carman's counterclaim at a second hearing. Accordingly, Carman's due process claims must fail.

2.     *The district court did not err by signing Landlord's writ of restitution after Carman had filed her notice of appeal.*

Second, Carman alleges that the district court violated K.S.A. 61-3904 by signing Landlord's writ of restitution the same day as it filed the journal entry of judgment and after she had already filed her notice of appeal. Statutory interpretation presents a question of law over which this court has unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). K.S.A. 2020 Supp. 61-3904 provides:

> "No execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement, until the expiration of 14 days after its entry. If an appellant does not file a supersedeas bond as provided in the code of civil procedure for limited actions, the taking of an appeal shall not operate to stay proceedings for the enforcement of a final judgment or to take execution thereon. Nothing in this section shall be construed as limiting any power of a judge hearing such appeal to stay proceedings during the pendency of an appeal, to grant an injunction during the pendency of such appeal or to make any other appropriate order to preserve the status quo or the effectiveness of the judgment subsequently to be rendered."

While the district court's judgment regarding Landlord's eviction petition occurred on January 12, 2021, the judgment was not *entered* until the district court filed its journal entry of judgment on February 3, 2021. It appears Carman is asserting that the district court's order granting Landlord's writ of restitution on February 3, 2021, violated the 14-day clause of K.S.A. 2020 Supp. 61-3904. But Landlord's eviction petition was separate from Landlord's later-filed motion to issue a writ of restitution. Accordingly, the district court's grant of Landlord's writ was not an execution of the January 12 judgment, nor a proceeding taken for its enforcement. Moreover, the district court's actions were in line with K.S.A. 61-3808—which provides that, in eviction cases, "[i]f judgment is entered against the defendant for possession of the subject premises, the court shall issue, at the request of the plaintiff, a writ of restitution . . . ." K.S.A. 2020 Supp. 61-3808(a).

Even if the district court somehow erred by granting Landlord's writ of restitution—its subsequent order to stay the writ pending this appeal cured any error and prevented any potential harm that could have occurred from the court's error. On February 9, 2021, the district court issued an order and stated that "[t]he Court will grant [Carman's] 'Motion for Stay' pending appeal of this matter conditioned upon her timely payment into court of the periodic rent due from [Carman] to [Landlord] under the rental agreement at issue in this case and under the terms of the rental agreement." The record shows Carman made payments to the court for February and March 2021. Even though the district court first granted Landlord's writ, its subsequent stay of the writ ensured Carman was not evicted pending her appeal—so long as she complied with the court's order by timely paying her rent—which she did for at least the first two months after her eviction. Given the court's order, Carman could theoretically still be living in the apartment to this date. This court lacks a sufficient record to demonstrate the district court committed any error or violation of Carman's due process rights and must affirm.

Affirmed.